IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIMBERLEE WARE, DEJANE CLARK, PREMALE NORMAN, BRITTANY FLETCHER, SAMARIA WELCOME and JAHMYRA ANDERSON-TAYLOR,<br><br>Plaintiffs,<br><br>vs.<br><br>CIGAR CITY CLUB, LLC, JULIUS BOLTON, and TIARA ALSTON<br><br>Defendants | CIVIL ACTION FILE NO.<br><br>1:22-cv-00845-AT |

---

**First Amended and Substituted Complaint**

---

Pursuant to Fed. R. Civ. P. 15 (a)(1)(A) Plaintiffs Kimberlee Ware ("Ware"), Dejane Clark ("Clark"), Premale Norman ("Norman"), Brittany Fletcher ("Fletcher"), Samaria Welcome ("Welcome") and Jahmyra Anderson-Taylor ("Taylor") (collectively "Plaintiffs") hereby amend their Complaint [Dkt. 1] in its entirety and to correct the misnomer of Defendant Cigar City Club Plaza, LLC to Cigar City Club, LLC ("Cigar City") and show the Court as follows:

## 1.    INTRODUCTION

1.

This is a wage and hour case.

2.

Cigar City operates a restaurant and bar in Sandy Springs, Georgia. It employed Plaintiffs at this facility as servers and bartenders. City Cigar applied the FLSA tip credit (*i.e.,* $5.12) in its pay treatment of Plaintiffs, thereby reducing their effective hourly rate from the FLSA minimum of $7.25 to $2.13. Cigar City required Plaintiffs to pay a portion of their tips to it as a condition of their employment, thereby waiving Cigar City's entitlement to the benefit of the tip credit. To the extent that Cigar City may have been entitled to apply the tip credit, it miscalculated the tip credit as it applies to overtime hours, using the hourly rate of $4.71 instead of the lawful tip credit overtime rate of $5.76.

### (a)    Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims herein arose in this judicial district and because Cigar City is located in this district.

**(b)    The Parties**

**i.   Kimberlee Ware**

5.

Ware is a natural person who resides in Fulton County, Georgia.

6.

Cigar City employed Ware as a server from November 20, 2021 to January 8, 2022.

7.

From November 20, 2021 through and including January 8, 2022, Ware was an "employee" of Cigar City within the meaning of the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

**ii.   Dejane Clark**

8.

Clark is a natural person who resides in Fulton County, Georgia.

9.

Cigar City employed Clark as a server from September 5, 2021 to December 3, 2021.

10.

From September 5, 2021 through and including December 3, 2021, Clark was an "employee" of Cigar City within the meaning of the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

### iii. Premale Norman

11.

Norman is a natural person who resides in Fulton County, Georgia.

12.

Cigar City employed Norman as a bartender from September 9, 2021 to December 16, 2021.

13.

From September 9, 2021 through and including December 16, 2021, Clark was an "employee" of Cigar City within the meaning of the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

### iv.    Brittany Fletcher

14.

Fletcher is a natural person who resides in Fulton County, Georgia.

15.

Cigar City employed Fletcher as a bartender from March 2021 through February 5, 2022.

16.

From March 2021 through and including February 5, 2022, Fletcher was an "employee" of Cigar City within the meaning of the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

### v.    Samaria Welcome

17.

Welcome is a natural person who resides in Fulton County, Georgia.

18.

Cigar City employed Welcome as a server from July 2021 through October 28, 2021.

19.

From July 2021 through and including October 28, 2021, Welcome was an "employee" of Cigar City within the meaning of the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

### vi.   Jahmyra Anderson-Taylor

Taylor is a natural person who resides in Cobb County, Georgia.

20.

Cigar City employed Taylor as a server from July 18, 2021 through December 5, 2021.

21.

From July 18, 2021 through and including December 5, 2021, Taylor was an "employee" of Cigar City within the meaning of the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

### vii.   Cigar City

22.

Cigar City is a Domestic Limited Liability Company organized under the laws of the State of Georgia.

23.

Cigar City is subject to the personal jurisdiction of this Court.

24.

Cigar City may be served with process via service on its registered agent, Julius A. Bolton at 970 Sidney Marcus Boulevard, NE, Atlanta, GA 30324 or wherever he may be located.

**viii.    Julius Bolton**

25.

Bolton is a natural person who resides in DeKalb County, Georgia.

26.

Bolton is subject to the personal jurisdiction of this Court.

27.

Bolton may be served with process at 4534 Village Springs Run, Atlanta, GA 30338 or wherever he may be located.

**ix.    Tiara Alston**

28.

Alston is a natural person who resides in Hall County, Georgia.

29.

Alston is subject to the personal jurisdiction of this Court.

30.

Alston may be served with process at 5759 Turnstone Trail, 95, Flowery Branch, GA 30542 or wherever she may be located.

## II. Factual Allegations

### (a) Enterprise Coverage

31.

At all times material hereto, Plaintiffs and other employees of Cigar City handled goods which moved in interstate commerce in the furtherance of the commercial purpose of Cigar City including, but not limited to, furniture, phones, computers, cigars, food, alcohol, utensils, tableware, and glassware.

32.

During 2021, Cigar City had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." within the meaning of 29 U.S.C. § 203(s)(1)(A).

126.

At all times material hereto, Cigar City has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A)(i) and (ii) and (s)(1)(B).

34.

During 2021, Cigar City had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

35.

During 2022, Cigar City is expected to have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

36.

During 2021, Cigar City had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

37.

At all times material hereto, Cigar City has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

**(b)      Liability of the Individual Defendants**

**i.  Julius Bolton**

38.

At all times material hereto, Bolton has been an owner and manager of Cigar City.

39.

At all times material hereto, Bolton exercised operational control over Plaintiffs' work activities.

40.

At all times material hereto, Bolton managed the day-to-day operation of the Cigar City in which Plaintiffs worked.

41.

At all times material hereto, Cigar City vested Bolton with supervisory authority over Plaintiffs.

42.

At all times material hereto, Bolton exercised supervisory authority over Plaintiffs.

43.

At all times material hereto, Bolton scheduled Plaintiffs' working hours or supervised the scheduling of Plaintiffs' working hours.

44.

At all times material hereto, Bolton exercised authority and/or supervision over Plaintiffs' compensation.

45.

At all times material hereto, Bolton had authority to hire employees on behalf of Cigar City.

46.

At all times material hereto, Bolton had authority to terminate employees of Cigar City.

47.

At all times material hereto, Bolton had authority to discipline employees of Cigar City.

48.

At all times material hereto, Bolton acted directly or indirectly in the interest of Cigar City in relation to Plaintiffs.

49.

At all times material hereto, Bolton was an "employer" of Plaintiffs within the within the meaning of the FLSA § 3(d), 29 U.S.C. § 203(d).

### ii.  Tiara Alston

50.

At all times material hereto, Cigar City employed Alston as a manager.

51.

At all times material hereto, Alston exercised operational control over Plaintiffs' work activities.

52.

At all times material hereto, Alston managed the day-to-day operation of the Cigar City facility in which Plaintiffs worked.

53.

At all times material hereto, Cigar City vested Alston with supervisory authority over Plaintiffs.

54.

At all times material hereto, Alston exercised supervisory authority over Plaintiffs.

55.

At all times material hereto, Alston scheduled Plaintiffs' working hours or supervised the scheduling of Plaintiffs' working hours.

56.

At all times material hereto, Alston exercised authority and supervision over Plaintiffs' compensation.

57.

At all times material hereto, Alston had authority to hire employees for Cigar City.

58.

Alston hired Ware, Clark, Fletcher, and Norman on behalf of Cigar City.

59.

At all times material hereto, Alston had authority to terminate employees of Cigar City.

60.

At all times material hereto, Alston had authority to discipline employees of Cigar City.

61.

At all times material hereto, Alston acted directly or indirectly in the interest of Cigar City in relation to Plaintiffs.

62.

At all times material hereto, Alston was an "employer" of Plaintiffs within the within the meaning of the FLSA § 3(d), 29 U.S.C. § 203(d).

### (f) FLSA §213 Exemptions

63.

At all times material hereto, Plaintiffs were not exempt from the Minimum Wage requirements of the FLSA by reason of any statutory exemption.

64.

At all times material hereto, Plaintiffs were not exempt from the Maximum Hours requirements of the FLSA by reason of any statutory exemption.

65.

At all times material hereto, Cigar City compensated Plaintiffs at an hourly rate.

66.

Cigar City never compensated Plaintiffs on basis of a salary.

67.

At all times material hereto, Cigar City did not employ Plaintiffs in a bona fide professional capacity within the meaning of 29 USC § 213 (a)(1).

68.

At all times material hereto, Cigar City did not employ Plaintiffs in a bona fide administrative capacity within the meaning of 29 USC § 213 (a)(1).

14

69.

At all times material hereto, Cigar City did not employ Plaintiffs in a bona fide executive capacity within the meaning of 29 USC § 213 (a)(1).

70.

At all times material hereto, no Plaintiff supervised two or more employees.

71.

At all times material hereto, Cigar City did not employ Plaintiffs in the capacity of an "outside salesman" within the meaning of 29 USC § 213 (a)(1).

**(c)       Additional Factual Allegations**

**i.     All Plaintiffs**

72.

At all times material hereto, Cigar City scheduled its employees, including the Plaintiffs on the basis of a seven-day week, extending from the beginning of each Sunday to the end of each Saturday.

73.

At all times material hereto, Cigar City compensated Plaintiffs on the basis of tips that were automatically applied to customer bills, additional credit card tips paid by customers and the FLSA minimum wage as reduced by the FLSA tip credit.

74.

At all times material hereto, the minimum wage has been $7.25 per hour for all hours up to 40 in a week.

75.

At all times material hereto the FLSA tip credit has been $5.12 per hour.

76.

When properly applied to the non-overtime hours, the use of the tip credit results in a minimum wage rate of $2.13 per hour.

77.

At all times material hereto the minimum wage overtime rate (*i.e.*, $7.25 x 1.5) has been $10.88 per hour.

78.

When properly applied to overtime hours, the use of the tip credit results in a minimum wage of $5.76 per hour.

79.

At all times material hereto, Cigar City compensated Plaintiffs for overtime at rate of $4.71.

80.

Cigar City thus applied a tip credit to the overtime hours of its servers and bartenders that was greater than the FLSA limit of $5.12.

81.

Cigar City failed to rely on any ruling, regulation or advisory opinion when it applied a tip credit to the overtime hours of its servers and bartenders that was greater than the FLSA limit of $5.12.

82.

Cigar City failed to rely on advice of legal counsel when it applied a tip credit to the overtime hours of its servers and bartenders that was greater than the FLSA limit of $5.12.

83.

At all times material hereto, Cigar City and the Individual Defendants required servers and bartenders, including Plaintiffs, as a condition of employment to pay kickbacks from their tipped earnings to Cigar City to pay for security, musical entertainment, replacement and/or purchase of utensils, replacement and/or purchase of glassware, replacement and/or purchase of tableware and other miscellaneous costs.

84.

Cigar City failed to rely on any ruling, regulation or advisory opinion when it required its tipped employees to pay it kickbacks from tipped earnings.

85.

Cigar City failed to rely on advice of legal counsel when it applied a tip credit to the overtime hours of its servers and bartenders that was greater than the FLSA limit of $5.12.

86.

As a result of requiring and accepting such kickbacks, Cigar City waived its right to reduce the minimum hourly wage it paid to tipped employees by the amount of the FLSA tip credit.

87.

As a result of requiring and accepting such kickbacks, Cigar City waived its right to reduce the overtime hourly wage it paid to tipped employees by the amount of the FLSA tip credit.

88.

Cigar City and the Individual Defendants knew or should have known that the FLSA does not permit it to simultaneously require its employees to pay it kickbacks and reduce the minimum wage or overtime rate it paid to such employees by virtue of the FLSA tip credit.

89.

29 U.S.C. § 206 requires that Cigar City and the Individual Defendants compensate Plaintiffs at a rate of no less than $7.25 per hour for every non-overtime hour worked in any work week.

90.

Cigar City and the Individual Defendants knew or should have known that 29 U.S.C. § 206 requires that they compensate Plaintiffs at a rate of at least $7.25 per non-overtime hour for every hour worked in a work week.

91.

Cigar City and the Individual Defendants failed to compensate Plaintiffs at a rate of at least $7.25 per hour for every non-overtime hour they worked during each work week.

92.

29 U.S.C. § 207 requires that Cigar City and the Individual Defendants compensate Plaintiffs at a rate of one-and-one-half times their regular hourly rates for all time worked in excess of forty (40) hours in a work week.

93.

29 U.S.C. § 207 requires that Cigar City and the Individual Defendants compensate Plaintiffs Ware, Clark, Norman, Fletcher, Welcome and Taylor at least $10.88 for each overtime hour worked.

94.

Cigar City and the Individual Defendants knew or should have known that the 29 U.S.C. § 207 requires that they pay Plaintiffs Ware, Clark, Norman, Fletcher, Welcome and Taylor a premium for all hours worked above forty hours in any given workweek.

95.

During the Relevant Time Period, Defendants failed to pay Plaintiffs Ware, and Welcome at one-and-one-half times their regular hourly rates for time worked in excess of forty (40) hours in all workweeks.

**ii.   Kimberlee Ware**

96.

At all times from November 20, 2021 through and including January 8, 2022, Cigar City and the Individual Defendants applied the FLSA tip credit to Ware's compensation, thereby reducing her hourly wage from the FLSA minimum wage of $7.25 to $2.13.

97.

At all times from November 20, 2021 through and including January 8, 2022, Cigar City and the Individual Defendants reduced the overtime wage it paid to Ware from $10.88 to $4.71.

98.

At all times relevant from November 20, 2021 to January 8, 2022, Cigar City and the Individual Defendants required Ware to pay kickbacks to Cigar City to pay for security, musical entertainment, replacement and/or purchase of utensils, replacement and/or purchase of glassware, replacement and/or purchase of tableware and other miscellaneous costs.

99.

At all times relevant from November 20, 2021 to January 8, 2022, Cigar City and the Individual Defendants deducted a $35.00 "Tip out Deduction" from Ware's paycheck for each and every shift that she worked in the workweek.

100.

Beginning on or about December 10, 2021 and continuing through January 8, 2022, Cigar City and the Individual Defendants required Ware to pay an additional $20.00 at the end of each shift she worked to cover shortages of bar utensils, including liquor pourers.

101.

At all times from November 20, 2021 to January 8, 2022, Cigar City and the Individual Defendants failed to pay Ware for all the tips that were automatically applied to customer bills.

102.

At all times material hereto, as the legal consequence of requiring and accepting such kickbacks, Cigar City and the Individual Defendants were not legally entitled to utilize the FLSA tip credit to reduce the minimum hourly wage it paid to Ware.

103.

At all times material hereto, as the legal consequence of requiring and accepting such kickbacks Cigar City and the Individual Defendants were not legally entitled to utilize the FLSA tip credit to reduce the minimum overtime hourly wage it paid to Ware.

104.

At all times from November 20, 2021 to January 8, 2022, Ware worked 5 days per week during most work weeks.

105.

At all times from November 20, 2021 to January 8, 2022, Ware normally worked from 4:00 p.m. to 2:00 a.m.

106.

At all times material hereto, Ware normally worked an additional 30 minutes to one (1) hour off the clock after the end of her shift cleaning, including but not

limited to sweeping, closing the patio, cleaning tables, moving tables, and rolling silverware.

107.

At all times material hereto, Cigar City and the Individual Defendants were aware of the actual number of hours Ware worked.

108.

Cigar City and the Individual Defendants knew or should have known that the FLSA's Minimum Wage requirement applied to Ware.

109.

Cigar City and the Individual Defendants knew or should have known that the FLSA's Maximum Hours requirement applied to Ware.

110.

29 U.S.C. § 206 requires that Cigar City and the Individual Defendants compensate Ware at a rate of no less than $7.25 per hour for every hour worked in any work week.

111.

Cigar City and the Individual Defendants knew or should have known that 29 U.S.C. § 206 requires that they compensate Ware at a rate of at least $7.25 per hour for every hour worked in a work week.

112.

At all times material hereto, Cigar City and the Individual Defendants failed to compensate Ware at a rate of $7.25 per hour for each hour she worked.

113.

At all times material hereto, Cigar City and the Individual Defendants willfully failed to compensate Ware at a rate of $7.25 per hour for each hour she worked.

114.

29 U.S.C. § 207 requires that Cigar City and the Individual Defendants compensate Ware at a rate of one-and-one-half times her regular rate for all time worked in excess of forty (40) hours in a work week.

115.

Cigar City and the Individual Defendants knew or should have known that the 29 U.S.C. § 207 requires that they pay Ware a premium for all hours worked above forty hours in any given workweek.

116.

At all times material hereto, Ware regularly worked more than forty (40) hours during most workweeks.

117.

At all times material hereto, Cigar City and the Individual Defendants failed to pay Ware at one-and-one-half times her regular hourly rate for time worked in excess of forty (40) hours in all workweeks.

118.

At all times material hereto, Cigar City and the Individual Defendants willfully failed to pay Ware at one-and-one-half times her regular hourly rate for time worked in excess of forty (40) hours in all workweeks.

### iii.    Dejane Clark

119.

At all times from September 5, 2021 through and including December 3, 2021, Cigar City and the Individual Defendants applied the FLSA tip credit to Clark's compensation, thereby reducing her hourly wage from the FLSA minimum wage of $7.25 to $2.13.

120.

At all times relevant from September 5, 2021 through and including December 3, 2021, Cigar City and the Individual Defendants required Clark to pay kickbacks to Cigar City to pay for security, musical entertainment, replacement and/or purchase of utensils, replacement and/or purchase of glassware, replacement and/or purchase of tableware and other miscellaneous costs.

121.

At all times relevant from September 5, 2021 through December 3, 2021, Cigar City and the Individual Defendants deducted a $35.00 "Tip out Deduction" from Clark's paycheck for each and every shit that she worked in the workweek.

122.

At all times from September 5, 2021 through December 3, 2021, Cigar City and the Individual Defendants failed to pay Clark for all the tips that were automatically applied to customer bills.

123.

At all times material hereto, as the legal consequence of requiring and accepting such kickbacks Cigar City and the Individual Defendants were not legally entitled to utilize the FLSA tip credit to reduce the minimum hourly wage it paid to Clark.

124.

At all times relevant from September 5, 2021 through December 3, 2021, Clark worked 2 days per week during most work weeks.

125.

At all times relevant from September 5, 2021 through December 3, 2021, Clark normally worked from 5:30 p.m. to 2:00 a.m.

126.

At all times material hereto, Clark normally worked an additional 30 minutes to one (1) hour after the end of her shift cleaning, including but not limited to sweeping, closing the patio, cleaning tables, moving tables, and rolling silverware.

127.

Cigar City and the Individual Defendants knew or should have known that the FLSA's minimum wage requirement applied to Clark.

128.

29 U.S.C. § 206 requires that Cigar City and the Individual Defendants compensate Clark at a rate of no less than $7.25 per hour for every hour worked in any work week.

129.

Cigar City and the Individual Defendants knew or should have known that 29 U.S.C. § 206 requires that they compensate Clark at a rate of at least $7.25 per hour for every hour worked in a work week.

130.

At all times material hereto, Cigar City and the Individual Defendants failed to compensate Clark at a rate of $7.25 per hour for each hour she worked.

131.

At all times material hereto, Cigar City and the Individual Defendants willfully failed to compensate Clark at a rate of $7.25 per hour for each hour she worked.

132.

At all times material hereto, Cigar City and the Individual Defendants were aware of the actual number of hours Clark worked.

**iv.    Premale Norman**

133.

At all times from September 9, 2021 through and including December 16, 2021, Cigar City and the Individual Defendants applied the FLSA tip credit to Norman's compensation, thereby reducing her hourly wage from the FLSA minimum wage of $7.25 to $2.13.

134.

At all times relevant from September 9, 2021 through and including December 16, 2021, Cigar City and the Individual Defendants required Norman to pay kickbacks to Cigar City to pay for security, musical entertainment, replacement and/or purchase of utensils, replacement and/or purchase of glassware, replacement and/or purchase of tableware and other miscellaneous costs.

135.

At all times relevant from September 9, 2021 through and including December 16, 2021, Cigar City and the Individual Defendants deducted a $35.00 "Tip out Deduction" from Norman's paycheck for each and every shift that she worked in the workweek.

136.

Beginning on or about December 10, 2021 and continuing through December 16, 2021, Cigar City and the Individual Defendants required Norman to pay it an additional $20.00 at the end of each shift she worked to cover shortages of bar utensils, including liquor pourers.

137.

At all times from September 9, 2021 through and including December 16, 2021, Cigar City and the Individual Defendants failed to pay Norman for all the tips that were automatically applied to customer bills.

138.

At all times material hereto, as the legal consequence of requiring and accepting such kickbacks Cigar City and the Individual Defendants were not legally entitled to utilize the FLSA tip credit to reduce the minimum hourly wage it paid to Norman.

139.

At all times relevant from September 9, 2021 through December 16, 2021, Norman worked 3 days per week during most work weeks.

140.

At all times relevant from September 9, 2021 through December 16, 2021, Norman occasionally covered shifts when other bartenders were not available.

141.

At all times material hereto, Norman normally worked from 4:00 p.m. to 2:00 a.m. when she worked on weekdays.

142.

During the Relevant Time Period, Norman normally worked from 2:00 p.m. to 2:00 a.m. when she worked on weekends.

143.

At all times material hereto, Norman normally worked an additional 30 minutes to one (1) hour off the clock after the end of her shift cleaning, including but not limited to sweeping, cleaning the bar, and washing bar glasses.

144.

Cigar City and the Individual Defendants knew or should have known that the FLSA's Minimum Wage requirement applied to Norman.

145.

29 U.S.C. § 206 requires that Cigar City and the Individual Defendants compensate Norman at a rate of no less than $7.25 per hour for every hour worked in any work week.

146.

Cigar City and the Individual Defendants knew or should have known that 29 U.S.C. § 206 requires that they compensate Norman at a rate of at least $7.25 per hour for every hour worked in a work week.

147.

At all times material hereto, Cigar City and the Individual Defendants failed to compensate Norman at a rate of $7.25 per hour for each hour she worked.

148.

At all times material hereto, Cigar City and the Individual Defendants willfully failed to compensate Norman at a rate of $7.25 per hour for each hour she worked.

149.

At all times material hereto, Cigar City and the Individual Defendants were aware of the actual number of hours Norman worked.

150.

Cigar City and the Individual Defendants knew or should have known that the FLSA's minimum wage requirement applied to Norman.

151.

29 U.S.C. § 206 requires that Cigar City and the Individual Defendants compensate Norman at a rate of no less than $7.25 per hour for every hour worked in any work week.

152.

Cigar City and the Individual Defendants knew or should have known that 29 U.S.C. § 206 requires that they compensate Norman at a rate of at least $7.25 per hour for every hour worked in a work week.

**v.    Brittany Fletcher**

153.

At all times from March 2021 through and including February 5, 2022, Cigar City and the Individual Defendants applied the FLSA tip credit to Fletcher's compensation, thereby reducing her hourly wage from the FLSA minimum wage of $7.25 to $2.13.

154.

At all times relevant March 2021 through and including February 5, 2022, Cigar City and the Individual Defendants required Fletcher to pay kickbacks to Cigar

City to pay for security, musical entertainment, replacement and/or purchase of utensils, replacement and/or purchase of glassware, replacement and/or purchase of tableware and other miscellaneous costs.

155.

At all times relevant from March 2021 through and including February 5, 2022, Cigar City and the Individual Defendants deducted a $35.00 "Tip out Deduction" from Fletcher's paycheck for each and every shift that she worked in the workweek.

156.

Beginning on or about December 10, 2021 and continuing through February 5, 2022, Cigar City and the Individual Defendants required Fletcher to pay it an additional $20.00 at the end of each shift she worked to cover shortages of bar utensils, including liquor pourers.

157.

At all times from March 2021 through and including February 5, 2022, Cigar City and the Individual Defendants failed to pay Fletcher for all the tips that were automatically applied to customer bills.

158.

At all times material hereto, as the legal consequence of requiring and accepting such kickbacks Cigar City and the Individual Defendants were not legally

entitled to utilize the FLSA tip credit to reduce the minimum hourly wage it paid to Fletcher.

159.

At all times relevant from March 2021 through February 5, 2022, Fletcher worked 3 days per week during most work weeks.

160.

During the Relevant Time Period, Fletcher occasionally worked on Sundays and covered shifts when other bartenders were not available.

161.

At all times material hereto, Fletcher normally worked from 4:00 p.m. to 2:00 a.m.

162.

At all times material hereto, Fletcher normally worked an additional 30 minutes to one (1) hour off the clock after the end of her shift cleaning, including but not limited to sweeping, cleaning the bar, and washing bar glasses.

163.

Cigar City and the Individual Defendants knew or should have known that the FLSA applied to Fletcher.

164.

29 U.S.C. § 206 requires that Cigar City and the Individual Defendants compensate Fletcher at a rate of no less than $7.25 per hour for every hour worked in any work week.

165.

Cigar City and the Individual Defendants knew or should have known that 29 U.S.C. § 206 requires that they compensate Fletcher at a rate of at least $7.25 per hour for every hour worked in a work week.

166.

At all times material hereto, Cigar City and the Individual Defendants failed to compensate Fletcher at a rate of $7.25 per hour for each hour she worked.

167.

At all times material hereto, Cigar City and the Individual Defendants willfully failed to compensate Fletcher at a rate of $7.25 per hour for each hour she worked.

168.

At all times material hereto, Cigar City and the Individual Defendants was aware of the actual number of hours Fletcher worked.

169.

Cigar City and the Individual Defendants knew or should have known that the FLSA's minimum wage requirement applied to Fletcher.

170.

29 U.S.C. § 206 requires that Cigar City and the Individual Defendants compensate Fletcher at a rate of no less than $7.25 per hour for every hour worked in any work week.

171.

Cigar City and the Individual Defendants knew or should have known that 29 U.S.C. § 206 requires that Cigar City and the Individual Defendants compensate Fletcher at a rate of at least $7.25 per hour for every hour worked in a work week.

172.

Cigar City and the Individual Defendants knew or should have known that 29 U.S.C. § 206 requires that they compensate Fletcher at a rate of at least $7.25 per hour for every hour worked in a work week.

**vi.    Samaria Welcome**

173.

At all times from July 2021 to through and including October 28, 2021, Cigar City and the Individual Defendants applied the FLSA tip credit to Welcome's

compensation, thereby reducing her hourly wage from the FLSA minimum wage of $7.25 to $2.13.

174.

At all times from July 2021 to through and including October 28, 2021, Cigar City and the Individual Defendants reduced the overtime wage it paid to Welcome from $10.88 to $4.71.

175.

At all times relevant July 2021 to through and including October 28, 2021, Cigar City and the Individual Defendants required Welcome to pay kickbacks to Cigar City to pay for security, musical entertainment, replacement and/or purchase of utensils, replacement and/or purchase of glassware, replacement and/or purchase of tableware and other miscellaneous costs.

176.

At all times relevant from July 2021 to through and including October 28, 2021, Cigar City and the Individual Defendants deducted a $35.00 "Tip out Deduction" from Welcome's paycheck for each and every shift that she worked in the workweek.

177.

At all times from July 2021 to through and including October 28, 2021, Cigar City and the Individual Defendants failed to pay Welcome for all the tips that were automatically applied to customer bills.

178.

At all times material hereto, as the legal consequence of requiring and accepting such kickbacks Cigar City and the Individual Defendants were not legally entitled to utilize the FLSA tip credit to reduce the minimum hourly wage it paid to Welcome.

179.

At all times material hereto, as the legal consequence of requiring and accepting such kickbacks Cigar City and the Individual Defendants were not legally entitled to utilize the FLSA tip credit to reduce the minimum overtime hourly wage it paid to Welcome.

180.

During the period from July 2021 until approximately September 18, 2021, Welcome worked 5 days per week during most work weeks.

181.

During the period from approximately September 19, 2021 through September 30, 2021, Welcome worked 3 days per week during most work weeks.

182.

During the period from approximately October 1, 2021 through October 28, 2021, Welcome worked 2 days per week during most work weeks.

183.

At all times material hereto, Welcome normally worked from 4:00 p.m. to 2:00 a.m.

184.

At all times material hereto, Welcome normally worked an additional 30 minutes to one (1) hour off the clock after the end of her shift cleaning, including but not limited to sweeping, closing the patio, cleaning tables, moving tables, and rolling silverware.

185.

At all times material hereto, Cigar City and the Individual Defendants were aware of the actual number of hours Welcome worked.

186.

Cigar City and the Individual Defendants knew or should have known that the FLSA's Minimum Wage requirement applied to Welcome

187.

Cigar City and the Individual Defendants knew or should have known that the FLSA's Maximum Hours requirement applied to Welcome

188.

29 U.S.C. § 206 requires that Cigar City and the Individual Defendants compensate Welcome at a rate of no less than $7.25 per hour for every hour worked in any work week.

189.

Cigar City and the Individual Defendants knew or should have known that 29 U.S.C. § 206 requires that they compensate Welcome at a rate of at least $7.25 per hour for every hour worked in a work week.

190.

At all times material hereto, Cigar City and the Individual Defendants failed to compensate Welcome at a rate of $7.25 per hour for each hour she worked.

191.

At all times material hereto, Cigar City and the Individual Defendants willfully failed to compensate Welcome at a rate of $7.25 per hour for each hour she worked.

192.

29 U.S.C. § 207 requires that Cigar City and the Individual Defendants compensate Welcome at a rate of one-and-one-half times her regular rate for all time worked in excess of forty (40) hours in a work week.

193.

Cigar City and the Individual Defendants knew or should have known that the 29 U.S.C. § 207 requires that they pay Welcome a premium for all hours worked above forty hours in any given workweek.

194.

At all times material hereto, Ware regularly worked more than forty (40) hours during most workweeks.

195.

At all times material hereto, Cigar City and the Individual Defendants failed to pay Welcome at one-and-one-half times her regular hourly rate for time worked in excess of forty (40) hours in all workweeks.

196.

At all times material hereto, Cigar City and the Individual Defendants willfully failed to pay Welcome at one-and-one-half times her regular hourly rate for time worked in excess of forty (40) hours in all workweeks.

197.

At all times material hereto, Def Cigar City and the Individual Defendants willfully failed to compensate Welcome at a rate of $7.25 per hour for each hour she worked.

## 198.

29 U.S.C. § 207 requires that Defendant compensate Welcome at a rate of one-and-one-half times her regular rate for all time worked in excess of forty (40) hours in a work week.

## 199.

Defendant knew or should have known that the 29 U.S.C. § 207 requires that Defendant pay Welcome a premium for all hours worked above forty hours in any given workweek.

## 200.

At all times material hereto, Welcome regularly worked more than forty (40) hours during each work week.

## 201.

At all times material hereto, Defendant failed to pay Welcome at one-and-one-half times her regular hourly rate for time worked in excess of forty (40) hours in all workweeks.

## 202.

At all times material hereto, Defendant willfully failed to pay Welcome at one-and-one-half times her regular hourly rate for time worked in excess of forty (40) hours in all workweeks.

### vii.    Jahmyra Anderson-Taylor

203.

At all times from July 18, 2021 through and including December 5, 2021, Cigar City and the Individual Defendants applied the FLSA tip credit to Taylor's compensation, thereby reducing her hourly wage from the FLSA minimum wage of $7.25 to $2.13.

204.

At all times from July 18, 2021 through and including December 5, 2021, Cigar City and the Individual Defendants reduced the overtime wage it paid to Taylor from $10.88 to $4.71.

205.

At all times relevant from July 18, 2021 through and including December 5, 2021, Cigar City and the Individual Defendants required Taylor to pay kickbacks to Cigar City to pay for security, musical entertainment, replacement and/or purchase of utensils, replacement and/or purchase of glassware, replacement and/or purchase of tableware and other miscellaneous costs.

206.

At all times relevant from July 18, 2021 through and including December 5, 2021, Cigar City and the Individual Defendants deducted a $35.00 "Tip out

Deduction" from Taylor's paycheck for each and every shift that she worked in the workweek.

207.

At all times from July 18, 2021 through and including December 5, 2021, Cigar City and the Individual Defendants failed to pay Taylor for all the tips that were automatically applied to customer bills.

208.

At all times material hereto, as the legal consequence of requiring and accepting such kickbacks Cigar City and the Individual Defendants were not legally entitled to utilize the FLSA tip credit to reduce the minimum hourly wage it paid to Taylor.

209.

At all times material hereto, as the legal consequence of requiring and accepting such kickbacks Cigar City and the Individual Defendants were not legally entitled to utilize the FLSA tip credit to reduce the minimum overtime hourly wage it paid to Taylor.

210.

At all times relevant from July 18, 2021 through December 5, 2021, Taylor worked 3-5 days per week during most work weeks.

211.

At all times relevant from July 18, 2021 through December 5, 2021, Taylor normally worked from 4:00 p.m. to 2:00 a.m.

212.

At all times material hereto, Taylor normally worked an additional 30 minutes to one (1) hour off the clock after the end of her shift cleaning, including but not limited to sweeping, closing the patio, cleaning tables, moving tables, and rolling silverware.

213.

At all times material hereto, Cigar City and the Individual Defendants were aware of the actual number of hours Taylor worked.

214.

Cigar City and the Individual Defendants knew or should have known that the FLSA's Minimum Wage requirement applied to Taylor.

215.

Cigar City and the Individual Defendants knew or should have known that the FLSA's Maximum Hours requirement applied to Taylor.

216.

29 U.S.C. § 206 requires that Cigar City and the Individual Defendants compensate Taylor at a rate of no less than $7.25 per hour for every hour worked in any work week.

217.

Cigar City and the Individual Defendants knew or should have known that 29 U.S.C. § 206 requires that they compensate Taylor at a rate of at least $7.25 per hour for every hour worked in a work week.

218.

At all times material hereto, Cigar City and the Individual Defendants failed to compensate Taylor at a rate of $7.25 per hour for each hour she worked.

219.

At all times material hereto, Cigar City and the Individual Defendants willfully failed to compensate Taylor at a rate of $7.25 per hour for each hour she worked.

220.

29 U.S.C. § 207 requires that Cigar City and the Individual Defendants compensate Taylor at a rate of one-and-one-half times her regular rate for all time worked in excess of forty (40) hours in a work week.

221.

Cigar City and the Individual Defendants knew or should have known that the 29 U.S.C. § 207 requires that Cigar City and the Individual Defendants pay Taylor a premium for all hours worked above forty hours in any given workweek.

222.

At all times material hereto, Taylor regularly worked more than forty (40) hours during most workweeks.

223.

At all times material hereto, Cigar City and the Individual Defendants failed to pay Taylor at one-and-one-half times her regular hourly rate for time worked in excess of forty (40) hours in all workweeks.

224.

At all times material hereto, Cigar City and the Individual Defendants willfully failed to pay Taylor at one-and-one-half times her regular hourly rate for time worked in excess of forty (40) hours in all workweeks.

## III.   CLAIMS FOR RELIEF

### COUNT 1 - FAILURE TO PAY MINIMUM WAGE

225.

The allegations set forth in paragraphs 1-224 above are incorporated herein by reference as if stated verbatim.

226.

At all times material hereto, Plaintiffs were employees covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

227.

Cigar City and the Individual Defendants failed to compensate Plaintiffs at an hourly rate above or equal to the minimum wage as established in accordance with Section 6 of the FLSA.

228.

Cigar City and the Individual Defendants willfully failed to compensate Plaintiffs at an hourly rate above or equal to the minimum wage as established in accordance with Section 6 of the FLSA.

229.

As a result of the underpayment of minimum wages as alleged above, Plaintiffs are entitled to payment of minimum wages from Cigar City and the

Individual Defendants, jointly and severally, in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

230.

As a result of the underpayment of minimum wages as alleged above, Plaintiffs are entitled to liquidated damages from Cigar City and the Individual Defendants, jointly and severally, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

231.

As a result of the underpayment of minimum wages as alleged above, Plaintiffs are entitled to reimbursement of their reasonable attorneys' fees and expenses of litigation, from Cigar City and the Individual Defendants, jointly and severally, pursuant to 29 U.S.C. § 216(b).

232.

As a result of the underpayment of minimum wages as alleged above, Plaintiffs are entitled to reimbursement of all kickbacks paid to Cigar City from Cigar City and the Individual Defendants, jointly and severally.

## COUNT II - FAILURE TO PAY OVERTIME TO WARE, WELCOME AND TAYLOR

233.

The allegations in paragraphs 1-232 above are incorporated herein by reference as if stated verbatim.

234.

During the Relevant Time Period, Plaintiffs Ware, Welcome and Taylor were employees covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

235.

During the Relevant Time Period, Plaintiffs Ware, Welcome and Taylor regularly worked in Defendants' employ in excess of forty (40) hours during each work week.

236.

At all times during the Relevant Time Period, Cigar City and the Individual Defendants failed to pay Plaintiffs Ware, Welcome and Taylor at one-and-one-half times their regular rate for time worked in excess of forty (40) hours during each work week.

237.

During the Relevant Time Period, Cigar City and the Individual Defendants willfully failed to pay Plaintiffs Ware, Welcome and Taylor at one–and–one–half times their regular rate for work in excess of forty (40) hours in any work week.

238.

Plaintiffs Ware, Welcome and Taylor are entitled to payment of overtime from Cigar City and the Individual Defendants, jointly and severally, in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

239.

As a result of the underpayment of overtime compensation as alleged above, Plaintiffs Ware, Welcome and Taylor are entitled to liquidated damages from Cigar City and the Individual Defendants jointly and severally, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

240.

As a result of the underpayment of overtime compensation as alleged above, Plaintiffs Ware, Welcome and Taylor are entitled to their litigation costs, including their reasonable attorneys' fees, damages from Cigar City and the Individual Defendants jointly and severally, in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**WHEREFORE**, the Plaintiffs pray that this Court:

(a)     Take jurisdiction of this matter;

(b)     Award each Plaintiff payment for each hour worked up to forty hours in a workweek at the minimum wage rate required by law from Defendants, jointly and severally;

(c)     Award each Plaintiff payment in an amount equivalent to all kickbacks they paid to Cigar City from Defendants, jointly and severally;

(d)     Award each Plaintiff liquidated damages equaling 100% of due but unpaid minimum wages and kickbacks from Defendants, jointly and severally;

(e)     Award Plaintiffs Ware, Welcome and Taylor payment for each overtime hour worked, calculated at one and one-half times the regular rate,

(f)     Award Plaintiffs Ware, Welcome and Taylor liquidated damages equaling 100% of their due but unpaid overtime from Defendants, jointly and severally;

(g)     Award each Plaintiff prejudgment interest on all amounts owed;

(h)     Award each Plaintiff nominal damages;

(i)     Award each Plaintiff their reasonable attorney's fees and expenses of litigation pursuant to § 29 U.S.C. 216(b); and

(j)     Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted,


                                        **Delong Caldwell Bridgers**
                                        **Fitzpatrick & Benjamin, LLC**

101 Marietta Street
Suite 2650                              */s/ Kevin D. Fitzpatrick, Jr.*
Atlanta, Georgia 30303                  Kevin D. Fitzpatrick, Jr.
(404) 979-3150                          Ga. Bar No. 262375
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com         */s/ Charles R. Bridgers*
charlesbridgers@dcbflegal.com           Charles R. Bridgers
                                        Ga. Bar No. 080791

                                        Counsel for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIMBERLEE WARE, DEJANE CLARK, PREMALE NORMAN, BRITTANY FLETCHER, SAMARIA WELCOME and JAHMYRA ANDERSON-TAYLOR,<br><br>        Plaintiffs,<br><br>  vs.<br><br>CIGAR CITY CLUB, LLC, JULIUS BOLTON, and TIARA ALSTON<br><br>        Defendants | CIVIL ACTION FILE NO.<br><br>1:22-cv-00845-AT |

---

### CERTIFICATE OF SERVICE

---

I certify that on this day I filed the foregoing document with the Clerk via the

Court's CM/ECF system, thereby ensuring electronic service upon all counsel of

record.

Dated: April 5, 2022

                                   */s/ Kevin D. Fitzpatrick, Jr.*
                                   Kevin D. Fitzpatrick, Jr.
                                   Georgia Bar No. 262375